E-FILED
Thursday, 18 November, 2010 04:18:58 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DOCTORS NURSING & REHABILITATION CENTER, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08-3096 |
| KATHLEEN SEBELIUS, Secretary of Health and Human Services, United States Department of Health and Human Services, | ) ) ) ) ) | |
| Defendant. | | |

## OPINION

This matter comes before the Court on Defendant Secretary of Health and Human Services Kathleen Sebelius' (Secretary) Motion for Remand (d/e 35). Plaintiff Doctors Nursing & Rehabilitation Center, LLC (Doctors), brought this action to challenge the Medicare Part B reimbursement rates used by the Secretary to pay for pulse-oximetry tests (Tests) in 2005 and 2006.[1] This Court has authority to conduct a judicial review of the Secretary's decision pursuant to 42 U.S.C. § 1395ff(b), which incorporates

---

[1] The Test measures the level of oxygen saturation in an individual's blood.

1

by reference the Social Security judicial review provision, 42 U.S.C. § 405(g).

The Secretary attempted to reopen administrative proceedings below in this matter shortly after Doctors filed this case. This Court dismissed this action once the Secretary attempted to reopen the administrative proceedings. <u>Opinion entered March 4, 2009 (d/e 18)</u>. The Seventh Circuit Court of Appeals reversed this Court's decision. <u>Doctors Nursing & Rehabilitation Center v. Sebelius</u>, 613 F.3d 672 (7th Cir. 2010). The Court of Appeals determined that the Secretary must first secure a remand from this Court before conducting additional administrative proceedings. <u>Id.</u> at 680. The Secretary now moves to remand this matter for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g). For the reasons set forth below, the Court will allow the remand.

STATEMENT OF FACTS

According to the First Amended Complaint (d/e 9), Doctors operates a 120-bed skilled nursing facility in Illinois that is certified by Medicare and Medicaid. Medicare Part B provides supplemental insurance for hospital out-patient, physician, therapy, and other medical services. Under Medicare

Part B, providers receive payment pursuant to a published fee schedule. Doctors alleges that the Secretary underpaid Doctors under Medicare Part B for performing the Tests.

The Secretary has delegated day-to-day administration of the Medicare program to the Centers for Medicare and Medicaid Services (CMS), which contracts with insurance companies, referred to as fiscal intermediaries, to process claims made on behalf of Medicare beneficiaries. Health care providers submit claims for payment to a fiscal intermediary, and the fiscal intermediary determines whether Medicare covers the service at issue; if it does, the fiscal intermediary also determines how much the health care provider should receive as payment for this service. Doctors alleges that in 2005 and 2006, it submitted requests for payment for the Tests that the fiscal intermediary paid at a lower rate than the one set forth in the published fee schedule.

Specifically, Doctors alleges that the fiscal intermediary failed to pay it at the rate set forth in the SNF Therapy Fee Schedule. CMS maintains fee schedules for different types of providers, all of which are grouped in a single database, the Medicare Physician Fee Service Database. The SNF Therapy Fee Schedule sets fees for services provided by a skilled nursing

facility.  Doctors argues that the Secretary is authorized to deviate from published fee schedules only if the fee amount in the schedule is inherently unreasonable.  Social Security Act § 1842(b)(8), 42 U.S.C. § 1395u(b)(8). Doctors also argues that in 1999, Congress froze the fee schedule amounts then in place for all services but physician services.  The Secretary and her delegates no longer could use the inherent reasonableness provision to modify the fees paid for services unless they took particular procedural steps.  According to Doctors, the Secretary never has taken those steps.

Nonetheless, Doctors received only $2.24 per Test for single Tests performed in a single encounter (billed as code 760) in 2005; and it received only $2.23 per Test performed in 2006.  The allegedly frozen fee schedule set the rate at $21.43.  Similarly, Doctors received $5.05 for multiple Tests performed in a single encounter (billed as code 761) in 2005; and it received $5.03 for such tests performed in 2006.  The allegedly frozen fee schedule set the rate at $54.83.

Doctors filed a timely redetermination request for each of the claims it considered underpaid, but its fiscal intermediary dismissed all of the requests for redetermination. Doctors then timely appealed these dismissals before the Qualified Independent Contractor (QIC).  The QIC affirmed the

dismissals and held, "a QIC's reconsideration of a contractor's dismissal of a redetermination request is final and not subject to any further review." First Amended Complaint, at 9. The QIC also stated that Doctors had "no further appeal rights in this case." Id. On April 14, 2008, Doctors filed this action. On July 16, 2008, CMS attempted to reopen the QIC's decision. The Seventh Circuit has now established that the Secretary may not reopen the QIC's decision without first securing a remand from this Court.

## ANALYSIS

Sentence six of § 405(g) states, in part, "The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ." 42 U.S.C. § 405(g) sentence six. In this context, the references to the Commissioner of Social Security are deemed to be references to the Secretary. 42 U.S.C. § 1395ff(b)(1)(A). The Secretary has not yet filed an answer, and so may seek remand under this provision for good cause shown. In determining whether the Secretary has shown good cause, the Court considers the administrative need for a remand, the

5

interests in judicial efficiency and finality, and the hardship upon the litigants. Doctors Nursing & Rehabilitation Center, 613 F.3d at 681.

The Secretary asks for a remand to develop an administrative record below. The issue in this case is whether the Secretary and her delegates applied the correct fee schedule to Doctors. Doctors Nursing & Rehabilitation Center, 613 F.3d at 676 n. 1. Doctors raises both a factual issue (was the correct fee schedule used to reimburse Doctors) and a legal issue (did CMS have legal authority to apply the fee schedule used). Id. The fiscal intermediary and the QIC erroneously interpreted Doctors' request for redetermination as a request to review the calculation of the fee schedule. Id. at 675. The calculation of the schedules themselves cannot be reviewed. Id. at 676 n. 1; 42 U.S.C. § 1395w-4(i)(1). Thus, the fiscal intermediary and the QIC never addressed the issue presented by Doctors.

The Secretary has an interest, from an administrative perspective, to develop a record that addresses the issue. The Secretary could develop a record that establishes the process by which the fee schedules at issue were developed and applied, as well as an analysis of the statutory authority for those actions. The Secretary could then consider whether the QIC applied the correct fee schedule. Should the Secretary agree with Doctors after a

6

thorough review, the matter would be resolved without resort to this Court.

A complete administrative record would also assist the Court on appeal. This Court reviews a decision under § 405(g) to determine whether the decision is supported by substantial evidence. Typically, the Court remands cases under § 405(g) if the factual record is inadequate. See e.g., Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 355 (7th Cir. 2005). In this case, Doctors' claims raise both a factual and legal issues. Doctors Nursing & Rehabilitation Center, 613 F.3d at 676 n. 1. It appears that the fiscal intermediary and the QIC misconstrued Doctors' claims and never considered the issues presented. The Court, therefore, may find that the decision was not supported by substantial evidence and remand the matter for further administrative proceedings to develop a proper factual record in any event. A remand now, therefore, could speed the process. As such remand would promote judicial economy and present no hardship on the litigants.

Doctors argues that there is no need to develop an administrative record because the record has already been developed. Doctors participated in the Secretary's attempt to reopen the administrative review process while this matter was pending on appeal before the Seventh Circuit. Doctors has

attached to its Response to the Motion copies of an administrative law judge's (ALJ) decision and other documentation. <u>Plaintiff's Response to Motion for Remand (d/e 37) (Response)</u>, attached <u>Letter dated June 18, 2010</u>; <u>Order of Dismissal dated June 18, 2010</u>; and <u>Letter dated August 16, 2010</u>.

The documents attached to the Response are of no effect. The Secretary's attempt to reopen the administrative proceedings was without authority. The matter was before this Court and the Seventh Circuit Court of Appeals. The Secretary had to secure a remand from this Court under sentence six of § 405(g) before reopening administrative proceedings. <u>Doctors Nursing & Rehabilitation Center</u>, 613 F.3d at 680. Thus, the administrative record still needs to be developed. Doctors, however, is correct that the ALJ, like the fiscal intermediary and the QIC, failed to address the issue of whether the correct fee schedule was applied and the source of authority for the fee schedule. On remand, the Secretary should see to it that the relevant administrative officers develop a record that addresses the issues.

THEREFORE, Defendant Secretary of Health and Human Services Kathleen Sebelius' Motion for Remand (d/e 35) is ALLOWED. This matter

is remanded to the Secretary for further administrative proceedings under sentence six of 42 U.S.C. § 405(g), as incorporated into 42 U.S.C. § 1395ff(b).

ENTERED this 18th day of November, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE